IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAGOBERTO VEGA, | ) | |
| | ) | |
| Petitioner, | ) | CIVIL ACTION NO. 3:2005-305 |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | JUDGE GIBSON |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION and ORDER OF COURT

**GIBSON, J.**

This matter comes before the Court on the Respondent's Notice of Suggestion of Mootness (Document No. 39). For the reasons stated herein, the Court disagrees that this matter is moot and will transfer this civil action to the appropriate court for further proceedings.

The Court previously denied bond in this matter, but had noted in that opinion that the Petitioner's unexpired term of supervised release was to be considered when evaluating his request for bond in light of the proximity of the Petitioner's scheduled date for release from imprisonment. Memorandum Opinion (Document No. 43), p. 15.

The Petitioner now suggests that pursuant to 28 U.S.C. § 3583 his term of supervised release may be shortened in light of the time he allegedly over-served in custody, an issue which remains in dispute, specifically whether credit should be assessed for such time (approximately ten months) he was at liberty between his New York and federal sentences. Petitioner's Letter Brief (Document No. 42), pp. 2-3. *See also Vega v. United States*, 493 F.3d 310 (3d Cir. 2007). The Government maintains that

this matter is moot because of the Petitioner's release from imprisonment on September 20, 2007 and in light of the cases of *United States v. Johnson*, 529 U.S. 53, 120 S.Ct. 1114, 146 L.Ed.2d 49 (2000), *Hinton v. Miner*, 138 Fed. Appx. 484 (3d Cir. 2005), and *Williams v. Sherman*, 214 Fed. Appx. 264 (3d Cir. 2007).

The Court recognizes that the Supreme Court in *Johnson* found that a term of supervised release begins upon a prisoner's release from imprisonment, *Johnson* at 58, 120 S.Ct. at 1118, 146 L.Ed.2d at 44-45, while it also recognized that 18 U.S.C. § 3583 itself provides for "a means to address [[the] 'equitable considerations of great weight ...when an individual is incarcerated beyond the proper expiration of his prison term']" by allowing a court to reduce a term of supervised release after completion of the first year of supervision. *Johnson* at 60, 120 S.Ct. at 1119, 146 L.Ed.2d at 45. While the *Hinton* and *Williams* courts dismissed their respective habeas corpus petitions as moot in the absence of a term of imprisonment and "collateral consequences", *Hinton* at 484, and *Williams* at 265, they did not encounter the argument that the Petitioner sets forth today.

However, the Court of Appeals for the Ninth Circuit has squarely addressed the Petitioner's argument in *Mujahid v. Daniels*, 413 F.3d 991 (9th Cir. 2005) and found that "[t]he 'possibility' that the sentencing court would use its discretion to reduce a term of supervised release under 18 U.S.C. § 3583(e)(2) was enough to prevent the petition from being moot." *Mujahid v. Daniels*, 413 F.3d 991, 995 (9th Cir. 2005)(citations omitted). The Ninth Circuit respected the holding of *Johnson*, but noted that *Johnson* did not account for the application of 18 U.S.C. § 3583 in considering a possibility of such matters becoming moot. *Mujahid* at 994-995. As indicated above, *Johnson* does not prohibit such a line of reasoning. However, even if the Petitioner did set forth a case for relief pursuant to his petition, this

2

Court is not the Petitioner's sentencing court that imposed his current term of supervised release.

The Court of Appeals for the Third Circuit has recognized that petitions for habeas corpus, like any other civil action, are subject to the application of 28 U.S.C. § 1404. *See In re Nwanze*, 242 F.3d 521, 526 n. 2 (3d Cir. 2001). However, the Third Circuit recognized that any transfers pursuant to 28 U.S.C. § 1404(a) of a habeas corpus petition filed under 28 U.S.C. § 2241 may be legally impossible considering that 1) such petitions can only be filed where a petitioner is confined, 2) 28 U.S.C. § 1404 permits transfer to districts where the civil action "might have been brought" and 3) it is quite the rare circumstance in the United States Bureau of Prisons system that a petitioner will be confined in the same district in which he was sentenced. *Nwanze* at 525-526. *See also Mujahid* at 995. Thus, a disconnect between the change of venue statutes and the evolution by case law of the definition of "custody" under habeas corpus matters (*see Rumsfeld v. Padilla*, 542 U.S. 426, 437, 124 S.Ct. 2711, 2719, 159 L.Ed.2d 513 n. 10 (2004)) exists. The Ninth Circuit recognized this dilemma in *Mujahid* and concluded that the habeas corpus issue was not moot despite the fact that the petitioner served a term of imprisonment in a different district from the district of his sentencing court; the Ninth Circuit noted that as "an appellate court...[it]...could...order Mujahid's petition transferred [from Oregon to Alaska]". *Mujahid* at 995, n. 3. This Court is not an appellate court and although it is not within the same circuit as this district court, a transfer to the Eastern District of New York as the sentencing court would appear to be appropriate in this instance.

This Court is without the actual physical presence of the petitioner at this point in time. It is the Court's understanding that the Petitioner has relocated to the state of New York, presumably within the territorial limits of the United District Court for the Eastern District of New York, the Petitioner's

3

sentencing court. A check of the PACER system indicates no relinquishment of jurisdiction over the Petitioner's criminal sentence by that district court. Furthermore, understanding "custody" as it is understood in law surrounding habeas corpus petitions as including convicted persons serving terms of supervised release, see *Scanio v. United States*, 37 F.3d 858, 860 (2d Cir. 1994) and *United States v. Essig*, 10 F.3d 968, 970 n.3 (1993), it is only logical that the Petitioner is in custody in the district in which he is being supervised.

As a result, the Petitioner, who named the "United States of America" as the Respondent, could seek relief from the United States in that district in which he is in the Government's custody by filing a separate and new petition today in that district where the supervision of his term of supervised release is maintained. Although this Court retains jurisdiction over the present civil action, the Court cannot deny the Government's argument that this Court is without the power to reduce the Petitioner's term of supervised release under 18 U.S.C. § 3583, and without a remedy, our jurisdiction will be without any effect upon the Petitioner's petition. However, this matter is not moot as the relief sought can be obtained by the Petitioner from the sentencing court. Otherwise what is to stop him from filing a second petition based upon his current "custody" in the Eastern District of New York? Nothing, so long as the federal courts continue to define "custody" in terms of habeas corpus petitions to include terms of supervised release. Rather than dismiss the case *sub judice*, the Court finds that the more reasonable, logical, and judicially economical action would be to transfer this matter under the authority of 28 U.S.C. § 1404 to the United States District Court for the Eastern District of New York, a district where the Petitioner may currently bring his claim.

This decision is appropriate after considering that the Petitioner has been released from

confinement and to the Court's knowledge has returned to his home state of New York to serve his term of supervised release, which is also the location of the sentencing court, the Petitioner's legal counsel, the New York state prison system, the system from which the Petitioner was released without being directly transferred to the United States Bureau of Prisons (the action or inaction that is the basis of the present petition) and most certainly the location of any witnesses who may testify in regard to the resolution of this petition and in regard to a motion by the Petitioner pursuant to 18 U.S.C. § 3583(e). Accordingly, the Court finds that a change of venue is proper in this instance as it is "in the interest of justice", specifically that this matter should be transferred to the United States District Court, Eastern District of New York pursuant to 28 U.S.C. § 1404 for further proceedings.

AND NOW, this 30th day of November, 2008, in accordance with the foregoing Memorandum Opinion, IT IS HEREBY ORDERED THAT this matter is transferred to the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 1404.

BY THE COURT:

KIM R. GIBSON,
UNITED STATES DISTRICT JUDGE